# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| LINDA MAZE ) | |
| ) | Case Number |
| **Plaintiff** ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| JAVITCH, BLOCK & ) | |
| RATHBONE LLP ) | |
| ) | JURY TRIAL DEMANDED |
| **Defendant** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Linda Maze, by and through her undersigned counsel, Thomas P. Ryan, Esquire complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Linda Maze, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District and the Defendant transacts business in this District.

### III.  PARTIES

4. Plaintiff, Linda Maze, is an adult natural person residing at 112 Hawthorne Street, Elyria, Ohio 44035.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Javitch, Block & Rathbone, LLP ("Defendant"), at all times relevant hereto, is and was a limited liability partnership engaged in the business of collecting debt within the State of Ohio with its principal place of business located at 1100 Superior Avenue, 19th Floor, Cleveland, Ohio 44114.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. On or about March 25, 2010, Plaintiff retained the services of the law firm of Persels & Associates, LLC to help aid her in her debt settlement negotiations.

8. During that time, Persels sent a "cease & desist" letter to the Defendant informing them that they were representing the Plaintiff and that they should make their firm the sole contact for any collection matters in the future.  **See Exhibit "A" (letter) attached hereto**.

9. On or about July 16, 2010, Plaintiff received a call from Defendant's agent, "Chris", on her personal cell phone collecting on four (4) alleged debts owed collectively to Capital One and to Citibank.

10. On or about that same day, Persels sent a second (2nd) "cease & desist" letter to the Defendant. **See Exhibit "B" (letter) attached hereto**.

11. Plaintiff was told that she owed a total of approximately $12,000 combined for all four (4) debts.

12. At that time, Plaintiff informed Defendant's agent, "Chris", that she had retained the services of the law firm of Persels & Associates and that she would like the Defendant to call them directly in regards to these accounts.

13. Defendant's agent, "Chris", stated that he would not call Persels and that they would not negotiate with them.

14. Defendant's agent, "Chris", told the Plaintiff that if she did not make a payment that they were going to take her to court.

15. Plaintiff was also informed that the Defendant would not take anything less than the full $12,000 that she owed them.

16. Defendant's agent, "Chris", falsely informed the Plaintiff that if she did not make arrangements that day, that they were going to garnish 50% of her wages.

17. To no avail, Plaintiff attempted again to try and have Defendant's agent, "Chris", take Persels contact number, but he again refused.

18. Plaintiff ended the call.

19. On or about July 17, 2010, Plaintiff received another call from Defendant collecting on these accounts.

20. On or about that same day, Persels sent a third (3rd) "cease & desist" to the Defendant demanding that they cease all further direct contact with the Plaintiff. **See Exhibit "C" (letter) attached hereto**.

21. On or about July 23, 2010, Plaintiff received another call from Defendant's agent, "Chris", again demanding payment and refusing to deal with Persels.

22. Plaintiff was again told that if she did not pay the balance of this debt that she would be sued.

23. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

24. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

25. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

26. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## **COUNT I – FDCPA**

27. The above paragraphs are hereby incorporated herein by reference.

28. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2) | After it knows the consumer is represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(c) | After written notification that the consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(4) | Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment |
| §§ 1692e(5) | Threaten to take any action that cannot legally be taken or that is not intended to be taken |

| | | |
|---|---|---|
| §§ 1692e(10) | | Any false representation or deceptive means to collect a debt |
| §§ 1692f | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Javitch, Block & Rathbone LLP for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

Date:  November 18, 2010        BY:    /s/  *Thomas P. Ryan*
                                Thomas P. Ryan, (#0082755)

                                Thomas P. Ryan, Esquire
                                1370 Ontario Street
                                Suite 2000
                                Cleveland, Ohio 44113
                                (216) 363-6028
                                (216) 696-1718 FAX
                                Attorney for Plaintiff